PEOPLE *v.* COWELL.

MOTOR VEHICLES—LICENSES—TAXATION—WELL-DRILLER'S SERVICE TRUCK.

Service truck with special platform upon which a well-drilling machine was mounted and fastened and truck was jacked up to make machine firm for work in drilling *held*, subject to law requiring license for operation of motor vehicle on a public highway, notwithstanding truck and machine were taxed as personal property (1 Comp. Laws 1929, §§ 4632, 4633).

Appeal from Hillsdale; Collingwood (Charles B.), J., presiding. Submitted April 12, 1934. (Docket No. 154, Calendar No. 37,598.) Decided June 4, 1934.

Howard E. Cowell was convicted of operating a motor vehicle on a public highway without a license. Affirmed.

*J. F. Fitzsimmons,* for appellant.

*Patrick H. O'Brien,* Attorney General, and *Mark D. Taylor,* Prosecuting Attorney, for the people.

WIEST, J. Defendant was convicted of operating a motor truck on a public highway without license plates. He owned a "service truck," with a special platform, upon which was mounted and fastened a well-drilling machine. The truck was equipped for and devoted to such special service. When used it conveyed the well-drilling machine to the place of intended use and there the truck was jacked up to make the machine firm for work in drilling. The truck and machine were taxed as personal property.

Defendant contends that no license was necessary. The motor vehicle law (1 Comp. Laws 1929, § 4632) applies to "all vehicles impelled on the public highways of this State, by mechanical power except traction engines, road rollers, such vehicles as run only on rails or tracks, fire trucks and apparatus owned by any person, firm or private corporation and used for fire protection," and tractors, unless used exclusively in agriculture. This section clearly included defendant's motor vehicle.

But defendant claims that the next section of the statute, relative to application for registration, and

defining a commercial vehicle, excludes his truck, by reason of noninclusion. The part of the statute invoked reads:

"Every owner desiring to operate a motor vehicle upon the public highways of this State, except as otherwise provided, shall file an application with the secretary of State stating the owner's name. * * * Each application for a commercial vehicle shall also have attached thereto scale weight receipt of said motor vehicle fully equipped as of the time the application is made. * * * The term 'commercial vehicle' as used in this act shall mean and include all motor vehicles used for the transportation of passengers for hire and those constructed or used for transportation of goods, wares or merchandise" (1 Comp. Laws 1929, § 4633).

Here exists no exclusion by way of noninclusion. The statute clearly covers all motor vehicles operating upon the public highways, excepting only such as are expressly excepted in the first mentioned section.

The conviction is affirmed.

NELSON SHARPE, C. J., and NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. POTTER, J., did not sit.